# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:06CV269-H

PATRICIA DUDA,

    Plaintiff,

v().

THE CHARLOTTE-MECKLENBURG
HOSPITAL AUTHORITY d/b/a
CAROLINAS HEALTHCARE SYSTEM
d/b/a CAROLINAS MEDICAL CENTER,

    Defendant.

**MEMORANDUM AND ORDER**

**THIS MATTER** is before the Court on the "Defendant's Motion for Summary Judgment" (document #15) and ". . . Memorandum in Support . . ." (document #16), both filed June 15, 2007. The Plaintiff filed her ". . . Response . . ." (document #20) July 9, 2007. On July 26, 2007, the Defendant filed its ". . . Reply . . ." (document #23).

The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and this motion is now ripe for disposition.

Having carefully considered the parties' arguments, the record, and the applicable authority, the undersigned will <u>grant</u> the Defendant's Motion for Summary Judgment, as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

This is an action seeking relief for an alleged failure to promote based on gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(e)(1)

("Title VII"),[1] by the Plaintiff's employer, Carolinas Healthcare System, which is operated by Charlotte-Mecklenburg Hospital Authority, a North Carolina hospital authority organized under state law with its primary place of business in Charlotte, Mecklenburg County, North Carolina.

The Defendant has employed the Plaintiff in its security department since 1986, eventually promoting her into a management position. Over the years, Plaintiff received generally favorable reviews, although the need for improvement in her management skills, particularly in relation to budgeting, was noted. In April 2005, the Defendant hired Jeff Karpovich as Director of Corporate Security, Access Control, and Parking. Several months after his arrival, Mr. Karpovich restructured the security department, instructing employees to rank positions within the new structure in which they were interested. The Defendant subsequently offered the Plaintiff the position she ranked <u>first</u> (the supervisor of the "South Patrol"), which included a salary increase.

The position the Plaintiff ranked fourth or fifth (CMC Supervisor) is the one at issue in this litigation. After interviewing three candidates (all male), the Defendant offered this position to Steve Gunsallus, a candidate with extensive experience in law enforcement management, although lacking in certain of the posted requirements for the job. Mr. Gunsallus initially declined the offer, requesting that the position be upgraded to a higher paying management position, although he was in uniform and introduced to the management team as the new CMC Supervisor on November 30, 2005.

There having been no formal acceptance, on December 5, 2005, Mr. Gunsallus was informed

---

[1] Although the Defendant has also argued that the Plaintiff's demotion claim should also be dismissed, the Plaintiff has unequivocally stated that "[t]here was never a demotion claimed in this case as a violation of Title VII." Accordingly, to the extent the Plaintiff's Complaint may have discussed demotion, that claim shall be deemed abandoned by the Plaintiff.

via email that the Defendant had agreed to the requested position upgrade and that he should receive the formal offer on December 9, 2005. Although the Plaintiff was aware that Mr. Gunsallus had been offered the position, she nonetheless applied for it on December 8, 2005. Mr. Gunsallus formally accepted the position the next day (December 9, 2005), and reported for work on December 12, 2005.

On December 12, 2005, four days after she applied for the position and the day Mr. Gunsallus began his employment, the Plaintiff filed an administrative Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that she was denied a promotion on the basis of her gender. The EEOC subsequently issued what is commonly referred to as a "Right to Sue" letter, which the Plaintiff received on or about March 31, 2006.

The Plaintiff the instant filed her Complaint in this Court on June 28, 2006. Following discovery on June 15, 2007, the Defendant filed its Motion for Summary Judgment, which will be granted for the reasons set forth below.

## II. DISCUSSION OF CLAIMS

### A. Standard of Review

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment should be granted when the pleadings, responses to discovery, and the record reveal that "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." See also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979). Once the movant has met its burden, the non-moving party must come forward with specific facts demonstrating a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). However, the party opposing summary judgment may not rest upon mere allegations or denials and, in any event, a "mere scintilla of evidence" is insufficient to overcome summary judgment. Id. at 249-50.

When considering summary judgment motions, courts must view the facts and the inferences therefrom in the light most favorable to the party opposing the motion. Id. at 255; Miltier v. Beorn, 896 F.2d 848, 850 (4th Cir. 1990); Cole v. Cole, 633 F.2d 1083, 1089 (4th Cir. 1980). Indeed, summary judgment is only proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal quotations omitted).

### B. Failure to Promote Gender-Based Discrimination

Title VII makes it an "unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge . . . or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C.A. § 2000e-2(a)(1). Relevant to this case, Title VII expressly prohibits disparate treatment of employees on the basis of gender. See, e.g. Evans v. Technologies Applications & Service Co., 80 F.3d 954, 959-60 (4th Cir. 1996).

The Plaintiff may present her employment discrimination claims through either or both of "two avenues of proof." Hill v. Lockheed Martin Logistics Management, Inc., 354 F.3d 277, 284-85 (4th Cir. 2004) (en banc). Generally, a plaintiff "may establish a claim of discrimination by demonstrating through direct or circumstantial evidence that [unlawful] discrimination motivated

the employer's adverse employment decision ... [or] proceed[ing] under [the] pretext framework" established by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Id. The Plaintiff has elected to proceed under the pretext framework discussed below.

A plaintiff without direct evidence of discrimination may still survive summary judgment if she can satisfy the alternative proof scheme established in McDonnell-Douglas. Under the alternative proof scheme, if the employee establishes a prima facie case of illegal discrimination, the burden shifts to the employer to articulate some legitimate, non-discriminatory reason for its employment decision. McDonnell-Douglas, 411 U.S. at 802. If the employer does so, the presumption of discrimination "drops from the case," and the employee must demonstrate that the employer's stated reason for its action was, in fact, a pretext for improper discrimination. Id. at 804.

The Supreme Court has made it clear that the plaintiff at all times "bears the ultimate burden of proving . . . intentional discrimination." Runnebaum v. NationsBank of Maryland, 123 F.3d 156, 164 (4th Cir. 1997) (en banc), citing St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506-11 (1993) (holding that prima facie case plus disbelief of employer's asserted justification is not necessarily sufficient to survive summary judgment). However, in Reeves v. Sanderson Plumbing Prods., Inc., the Supreme Court held that:

> a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated. This is not to say that such a showing by the plaintiff will always be adequate to sustain a jury's finding of liability.

530 U.S. 133, 147-48 (2000) (emphasis added). Accord Rowe v. Marley Co., 233 F.3d 825, 830 (4th Cir. 2000) ("In Reeves the Supreme Court held that when a plaintiff establishes a prima facie employment discrimination case and that his employer's explanation is pretextual, this does not

automatically create a jury question, but it may do so.")

The Court went on to state in Reeves that notwithstanding the fact-finder's disbelief of the stated, non-discriminatory reason, an employer is still entitled to judgment as a matter of law (or, as in this case, summary judgment) "if the record conclusively revealed some other, non-discriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue, and there was abundant and uncontroverted independent evidence that no discrimination had occurred." Reeves, 530 U.S. at 148.

Thus, the Plaintiff must first establish that she has presented a prima facie case of the alleged discrimination. In order to establish a prima facie case of her failure to promote claim, the Plaintiff must show: (1) that she is a member of a protected group; (2) that she applied for the position in question; (3) that she was qualified for the position; and (4) that she was rejected for the position under circumstances giving rise to an inference of unlawful discrimination. See Brown v. McLean, 159 F.3d 898, 902 (4th Cir. 1998). Accord Bryant v. Aiken Regional Medical Centers, Inc., 333 F.3d 536, 544-45 (4th Cir. 2003).

Applying these legal principles to the facts in this case taken in the light most favorable to the Plaintiff, she has stated a prima facie case of failure to promote based on gender. Clearly, the Plaintiff is a member of a protected group (females) who applied for and by virtue of her experience and education, was qualified for the position as listed. As to the remaining element, establishing an inference that there was unlawful discrimination is a "relatively easy test." Young v. Lehman, 748 F.2d 194 197 (4th Cir. 1984). Mr. Gunsallus is a male and did not meet some of the qualifications the Defendant specifically listed for the job, whereas the Plaintiff, a female, did meet those stated qualifications. On this point, see Blue v. United States Dep't of Army, 914 F.2d 525, 536 (4th Cir.

1990).

As the Supreme Court has noted, "[a] prima facie case under McDonnell Douglas raises an inference of discrimination only because we presume these acts, if otherwise unexplained, are more likely than not based on the consideration of impermissible factors." Furnco Const. Corp. V. Waters, 438 U.S. 567, 577 (1978). Nevertheless, having established a prima facie case, the burden shifts to the Defendant to articulate some legitimate, non-discriminatory reason for its employment decision. And in this case, this is a burden the Defendant employer has clearly met.

The posted requirements for the job included certifications from International Association of Hospital Safety and Security, two years or more of security management experience, and military or law enforcement experience. Mr. Gunsallus had neither of the first two. However, the Defendant proffers Mr. Gunsallus' 30 years of law enforcement experience, part of which was spent successfully managing over 100 employees, as a legitimate basis for their decision to hire him for the subject position. The Court finds this to be a legitimate, non-discriminatory basis for not selecting the plaintiff for the subject position–a position for which the Plaintiff did not even apply until after it had been offered, following lengthy negotiations, to Mr. Gunsallus.

Because the Court has found the Defendant articulated a legitimate, non-discriminatory reason for its employment decision, the burden now shifts to the Plaintiff to demonstrate that the Defendant's stated reason for its action was, in fact, a pretext for improper discrimination. Plaintiff makes a series of arguments about how a jury might see that the Defendant refused to promote her because of her gender, but ultimately fails to provide anything more than a "scintilla of evidence" as to why they should reach this ultimate conclusion. Anderson, 477 U.S. at 249-50.

Plaintiff argues that Mr. Gunsallus was not qualified for the position, and indeed pretext in

the Fourth Circuit can be established by showing a person from outside the protected class with lesser qualifications was hired. Heiko v. Colombo Savings Bank, F.S.B, 434 F.3d. 249, 259 (4th Cir. 2006). However, the Court is unable to see how even by the posted requirements Mr. Gunsallus was an inferior candidate to the Plaintiff. Mr. Gunsallus had thirty years law enforcement experience and had successfully managed more than 130 employees. In contrast, while the Plaintiff had healthcare security experience, she had fewer years as a manager and had been specifically cited for problems related to her management and budgeting skills.

Finally, it is well established that it is not for the Court to second guess business decisions; indeed, as the Supreme Court has declared, ". . . the employer has discretion to choose among equally qualified candidates, provided the decision is not based upon unlawful criteria. The fact that a court may think that the employer misjudged the qualifications of the applicants does not in itself expose [it] to Title VII liability. . ." Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 259 (1980). In other words, whether or not Mr. Gunsallus was the best choice for the subject position is irrelevant; because he was at least as qualified for the position as the Plaintiff, the Plaintiff has clearly failed to demonstrate pretext and therefore to avoid summary judgement.

**FOR THESE REASONS**, and for the reasons stated in the Defendant's Motion, Memorandum in Support, and Reply (documents ## 15, 16, and 23) the Defendant's Motion for Summary Judgment on the Plaintiff's Title VII discrimination claim must and shall be granted.

## III. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The "Defendant's Motion for Summary Judgment" (document #15) is **GRANTED**, and the Complaint is **DISMISSED WITH PREJUDICE.**

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED, ADJUDGED, AND DECREED.**

Signed: August 9, 2007

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge